DESPRES *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of
San Germán.

No. 8.—Decided June 24, 1908.

GANANCIAL PROPERTY—PRESUMPTION—TESTIMONY OF ONE OF THE SPOUSES IN
PROCEEDINGS TO OBTAIN POSSESSORY TITLE—ALIENATION WITHOUT CONSENT
OF THE OTHER SPOUSE.—Where a property is recorded by virtue of proceed-
ings to obtain a possessory title, brought by òne of the spouses alone, in
favor of the petitioner, the petitioner being married, and such proceedings
having been had without the intervention of both spouses, it is presumed
that the property belongs to the conjugal partnership, and that presumption
cannot be destroyed by an *ex parte* statement made by the petitioner, without
the intervention of the other spouse, to the effect that the property was
acquired by inheritance, because such a statement is not conclusive evidence
of a title of acquisition, and the property cannot, therefore, be alienated with-
out the express consent of the other spouse.

The facts are stated in the opinion.

*Mr. Francisco C. Descartes* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the
court.

This is an appeal taken by Attorney Francisco G. Des-
cartes on hehalf of Adrian Despres y Buldon from a decision
of the Registrar of Property of San Germán refusing the ad-
mission to record of a deed of sale of two-fifths of a rural
estate.

By public deed executed in Cabo Rojo before Francisco G.
Descartes, an attorney and notary of Ponce, on January 9,
1905, Guillermina and Norberto Boscio y Cofresi, sold to
Adrian Despres y Buldon the two-fifths undivided interests
which they held in a rural estate of 70 *cuerdas* of land, sit-
uated in *barrio* "Miradero" of the municipal district of Cabo
Rojo, which the vendors had acquired by inheritance from
their father, Juan Benedicto Boscio y Ramisez, as shown by
the proceedings to establish possession instituted by the ven-
dors and approved by the municipal judge of Cabo Rojo, not

recorded as yet on the date of the deed in the registry of property; and upon presentation of said deed in the Registry of Property of San Germán for record, the registrar refused such record on the grounds set forth in the decision which he wrote at the foot of such deed, reading as follows:

"The record of the foregoing document is not admitted, which document has been classified in view of another document of the same date in which the three remaining coowners of the estate declare that each of them holds an undivided fifth interest in the estate, because the vendors have recorded their respective shares as married, by virtue of the judicial proceedings had to establish the fact of the possession, and now they sell them without the consent of their respective spouses; and in lieu of such record a cautionary notice is entered to have effect for the term of 120 days, at folio 237, reverse side, volume 18, municipality of Cabo Rojo, estate number 941, record detter A. San Germán, April 22, 1908.—Dr. Joaquín Servera Silva, Registrar."

Attorney Francisco G. Descartes took an appeal in due time from this decision on behalf of Adrian Despres y Buldon, seeking the reversal thereof and the issuance of an order to the registrar to record the deed, the Registrar of Property of San Germán having also filed a statement in writing setting forth what he deemed proper in support of the decision appealed from.

In accordance with section 1322 of the Civil Code in force, "all the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife;" and as the declarations made by one of the spouses who did not take part in the proceedings to establish possession cannot be considered as conclusive proof of the title of acquisition of real property, until the effectiveness of such title be established in an authentic manner, the provisions of said section of the Code must be adhered to and the property recorded by virtue of such proceedings must be considered as belonging to the conjugal partnership.

According to section 159 of said Code, "the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null except when effected with the mutual consent of both parties to the marriage," which requisite has not been complied with in the deed of sale which is the subject matter of this appeal, which sets forth that both vendors are married.

The decision of the Registrar of Property of San Germán placed at the end of the said deed, denying the admission thereof to record is affirmed, and said deed is ordered to be returned to the registrar with a certified copy of this decision for the information of the persons concerned and for other proper purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.